UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL OLIVAS,

          Plaintiff,

    v.

THE STANDARD FIRE INSURANCE
COMPANY,

          Defendant.

Case No. 1:25-cv-02018-JLT-CDB

ORDER GRANTING PLAINTIFF'S MOTION
TO REMAND

(Doc. 9)

Pending before the Court[1] is the motion of Plaintiff Miguel Olivas ("Plaintiff") to remand this action to state court, filed on April 2, 2026.  (Doc. 9).  On April 16, 2026, Defendant The Standard Fire Insurance Company ("Defendant") filed an opposition to the motion.  (Doc. 13). Plaintiff did not file a reply.  Following review of the parties' filings made in connection with the motion, the Court deems the motion suitable for disposition without hearing and oral argument. Local Rule 230(g).  For the reasons set forth herein, the Court will grant Plaintiff's motion to remand.

///

---

[1] Following all parties' expression of consent to the jurisdiction of a magistrate judge for the limited purpose of entering an order resolving Plaintiff's motion to remand, on April 28, 2026, the motion was assigned to the undersigned for disposition pursuant to 28 U.S.C. § 636(c)(1).  (Doc. 15).

## I.     Relevant Background

### A.     Procedural History[2]

Plaintiff initiated this action with the filing of a complaint in the Kern County Superior Court on November 24, 2025, and the operative first amended complaint ("FAC") on December 9, 2025.  (Doc. 1).  Defendant removed the case to this Court on December 23, 2025.  *See id.* Defendant filed an answer to the FAC on January 5, 2026.  (Doc. 3).

On March 19, 2026, the parties filed a joint scheduling report.  (Doc. 5).  On March 25, 2026, a scheduling conference was held off the record and the case was not scheduled.  At Plaintiff's request and without objection, in light of Plaintiff's anticipated filing of a motion to remand, the Court continued the scheduling conference and ordered Plaintiff to file no later than April 3, 2026, any motion to remand.  (Doc. 8).  Due to the pending motion to remand and the status of the case, the scheduling conference was further continued to August 10, 2026.  (Doc. 10).

### B.     Factual Background of Plaintiff's FAC

Plaintiff's FAC names as defendants The Standard Fire Insurance Company and Does 1-10, who are not known at this time and will be substituted once identified.  (Doc. 1-8 ¶¶ 6, 7). Plaintiff alleges that Defendant failed to pay benefits owed under a homeowners insurance policy Defendants issued to Plaintiff after the roof of Plaintiff's home suffered wind and rain damage.  *See id.* ¶¶ 9-15.  Plaintiff further alleges that after his counsel requested Defendant reconsider its denial of coverage and noted the total amount of his claim is $66,026.11 based on $36,872.80 from an independent repair estimate, plus $29,153.31 in mitigation costs from the mitigation contractor, Defendant reiterated its denial of the claim.  *Id.* at 15.  Plaintiff asserts two claims against Defendants, including claims for breach of contract and for money damages for tortious bad faith. *See id.* at 5-8.  In the prayer for relief, Plaintiff seeks compensatory damages and punitive damages in an amount according to proof at trial with the addition of prejudgment interest, and for attorney fees and costs.  *Id.* at 9.

///

---

[2] Filings are referenced herein according to their CM/ECF-designated pagination.

## II.      Governing Authority

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states."

Removal statutes are "strictly construe[d] against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Thus, the removing party bears the burden of establishing original jurisdiction in the district court and "any doubt about the right of removal requires resolution in favor of remand." *Corral v. Select Portfolio Servicing Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (citing *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)); *see Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("the court resolves all ambiguity in favor of remand to state court.") (citing *Gaus*, 980 F.2d at 566).

## III.      Parties' Contentions

Plaintiff moves to remand this action to the Kern County Superior Court, contending that the amount in controversy of $66,026.11 is insufficient to warrant removal on diversity grounds and the action is not otherwise within the Court's removal jurisdiction. (Doc. 9 at 1-2). Plaintiff

3

argues that diversity jurisdiction does not exist here because his allegations and prayer for relief, including for damages and injunctive relief, "explicitly limit the collective value of the recovery sought to $74,999." *Id.* at 7. In support, Plaintiff attaches the declaration of his counsel Angela Russell to establish that his damages are less than the $75,000 amount-in-controversy requirement. *Id.*; *see id.* at 9 ("Russell Decl.") ¶¶ 4, 5) ("On behalf of Plaintiff, it is stipulated that Plaintiff's total damages did not exceed $74,999.00 as of the date of the Notice of Removal was filed with the Kern County Superior Court. Additionally, Plaintiff will not seek damages in excess of $74,999.00 which includes punitive damages and attorney fees and all other damages permitted by law."). Counsel for Plaintiff declares that it is stipulated that Plaintiff will not accept damages greater than $74,999.00 if awarded in this matter. Russell Decl. ¶ 6.

Defendant contends the motion to remand should be denied because the FAC affirmatively alleges facts placing more than $75,000 in controversy, including pleading $66,026.11 in direct contractual damages, plus damages for emotional distress, loss of use, diminution in property value, and for attorney fees and punitive damages, such that the FAC establishes an amount in controversy sufficient to establish diversity jurisdiction of this matter. (Doc. 13 at 1-2). Defendant asserts counsel for Plaintiff's attempt to limit damages to $74,999.00 in her post-removal declaration is legally ineffective as Plaintiff may not defeat federal jurisdiction by reducing the amount claimed after removal. *Id.* at 4. Defendant argues that diversity jurisdiction existed at the time of removal and Plaintiff's post-removal declaration does not divest the Court of jurisdiction such that the motion should be denied. *Id.* at 4-5.

## IV.   **Discussion**

Because the parties do not dispute the existence of diversity of citizenship, and the Court does not find any issue as to complete diversity of the parties, (Doc. 1 at 2-3) (notice of removal noting that Plaintiff is a citizen of the State of California and Defendant is a citizen of the State of Connecticut); *see generally* (Docs. 9, 13), the Court turns to whether Defendant has established the requisite amount-in-controversy to establish diversity jurisdiction to defeat Plaintiff's motion to remand.

///

4

### A.    Governing Authority – Amount in Controversy

The amount in controversy is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Corral*, 878 F.3d at 774 (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "Conclusory allegations as to the amount in controversy are insufficient." *Id.* (quotation and citation omitted).

A defendant desiring to remove any civil action must file a notice of removal "containing a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). When a party removes on the grounds of diversity jurisdiction, the allegation in the notice of removal of the amount in controversy "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*; *see* 28 U.S.C. § §1446(c)(2)(B). In the Ninth Circuit, a removing defendant is required "to make this showing with summary-judgment-type evidence[.]" *Fritsch*, 899 F.3d at 795 (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Corral*, 878 F.3d at 774).

In *Standard Fire Ins. Co. v. Knowles*, the Supreme Court affirmed that "federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." 568 U.S. 588, 595 (2013); *see St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) (""If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove"). *Standard Fire* noted that "the key characteristic about th[e]se stipulations [from individual plaintiffs] is that they are legally binding on all plaintiffs." *Id.* (citing 14A C. Wright, A. Miller, & E. Cooper, Fed. Prac.

And Proc. § 3702.1, p. 335 (4th Ed. 2011) ("federal court, as condition for remand, can insist on a "*binding* affidavit or stipulation that the plaintiff will continue to claim less than the jurisdictional amount[.]") (emphasis in original). *Standard Fire* reasoned that the stipulation at issue can tie the individual plaintiff's hands "but it does not resolve the amount-in-controversy question" insofar it seeks to bind "the rest of the [plaintiff] class" for purposes of establishing jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). *Id.* at 596; *see Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1038 (N.D. Cal. 2014) ("After *Standard Fire,* a class representative cannot stipulate on behalf of absent class members to avoid CAFA's $5 million aggregate matter in controversy [requirement].").

"Some courts have required that these affidavits or stipulations be executed prior to the notice of removal as a sign of their bona fides and cannot await the motion to remand." *Patel*, 58 F. Supp. 3d at 1038 (citation omitted); *e.g.*, *Blood v. Equifax, Inc.*, No. 8:18-cv-00958-JLS-PJW, 2018 WL 3636960, at *3 (C.D. Cal. July 30, 2018) (granting motion to remand where plaintiffs "have each filed binding stipulations [attached to the FAC] averring that the amount in controversy will not exceed the jurisdictional minimum"); *see also Guglielmino v. Mckee Foods Corp.*, 506 F.3d 696, 705 n. 6 (9th Cir. 2007) (Circuit Judge O'Scannlain specially concurring, noting that a "party might file a binding stipulation, prior to removal, that it will not seek more in recovery than the jurisdictional threshold" in order to defeat federal jurisdiction).

"[T]hough [a] plaintiff [may], after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduce[] the claim below the requisite amount, this does not deprive the district court of jurisdiction." *See Red Cab Co.*, 303 U.S. at 292. "[D]iversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction … if the amount in controversy subsequently drops below the minimum jurisdiction level." *Hill v. Blind Indus. & Servs.*, 179 F.3d 754, 757 (9th Cir. 1999). "Notwithstanding this, district courts within this circuit have remanded actions on the condition that a plaintiff stipulate to seeking less than the jurisdictional minimum or submitting an affidavit binding him … not to accept any amount meeting the jurisdictional minimum." *Patel*, 58 F. Supp. 3d at 1038-39 (collecting cases); *see Whitehurst v. Dollar Tree Stores, Inc.*, No. 2:21-cv-01986-KJM-DMC, 2022 WL 462937, at *1 (E.D. Cal. Feb.

6

15, 2022) ("While a plaintiff may not defeat diversity jurisdiction by using a stipulation to reduce or change her demand for damages, … a post-removal stipulation may show the absence of jurisdiction if it clarifies the preexisting amount in controversy … was $75,000 or less at the time of removal[.]") (citations omitted).

### B.    Analysis

The FAC, at the time of removal, did not identify a specific dollar amount in damages. Rather, it included a general prayer for "compensatory and punitive damages in amounts according to proof at trial" and for an award of attorney fees and costs.  (Doc. 1-8 at 9).  In Plaintiff's first claim for breach of contract, he alleges that Defendant breached the contract, in part, by "[f]ailing and refusing to pay a sufficient sum for the mitigation invoices for $29,153.31" and that the "precise amount of [his] damages above $35,000 is unknown at this time and will be proven at trial."  *Id.* at 6 ¶¶ 21-22.  In his second claim for money damages for tortious bad faith, Plaintiff alleges that Defendant failed to pay him any amount for repairs and mitigation and that his full amount of loss to the subject property "is estimated to be a grand total of $66,026.11 (including the mitigation invoice [of] $29,153.31 and the estimated costs of repairs [of] $36,872.80)."  *Id.* at 7 ¶ 27(d).

"Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  *Corral*, 878 F.3d at 774.  Here, Defendant asserted in its notice of removal that the amount in controversy for jurisdictional purposes is satisfied as the FAC "alleges direct damages in the amount of $66,026.11, plus compensatory damages and punitive damages, and attorneys' fees[.]"  (Doc. 1 at 6 ¶ 20).  Defendants further asserted that the FAC "appears to allege a *floor* of damages at $66,026.11, but it also seeks other unspecified quantities of punitive damages, attorneys' fees, damages for alleged emotional distress, damages for the alleged diminution of value of the Property, and damages of loss of use, all of which, in totality, more likely than not will exceed a damages controversy in excess of the $8,973.89 necessary to reach $75,000."  *Id.* at 7 ¶ 26.

Although no party argues that Plaintiff entered into a binding pre-removal stipulation that the amount in controversy will not exceed the jurisdictional minimum and Plaintiff's FAC does not

expressly limit his recovery to below the jurisdictional threshold inclusive of all damages, costs, and attorney fees, Defendant fails to meet its burden to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. *Corral*, 878 F.3d at 774; *Fritsch*, 899 F.3d at 795.

*Valdez v. Allstate Ins. Co.* is instructive. In *Valdez*, the Ninth Circuit noted that the plaintiff's state court complaint "falls short of even seeking the threshold amount" as the "only discrete sum requested is 'general damages … in excess of $50,000.00'" and the complaint "does not attach a dollar figure to [plaintiff's] remaining prayers for relief." 372 F.3d 1115, 1116-17 (9th Cir. 2004). The Ninth Circuit found that the defendant did not prove, by a preponderance of the evidence, that the amount in controversy requirement was met because defendant's petition for removal asserting as much was based on conclusory and unsupported assertions. *Id.* at 1117 (citing *Matheson*, 319 F.3d at 1090-91 ("Conclusory allegations as to the amount in controversy are insufficient.")).

Defendant's assertions regarding the amount in controversy here fare no better than the removing party in *Valdez*. Thus, Defendant proffers no evidence either in its notice of removal, or in its opposition to the motion, or in counsel for Defendant's declaration in support thereof (*see* Doc. 13-1, Declaration of Mark. E. Hellenkamp ("Hellenkamp Decl.")) that support Defendant's conclusory assertion that Plaintiff's seeking of other, unspecified quantities of damages, attorneys' fees, and costs "more likely than not" (*Valdez*, 372 F.3d at 1117) will exceed the quantifiable damages alleged in the complaint in excess of the $8,973.89 necessary to reach the jurisdictional threshold. *See, e.g., Martinez v. Epic Games, Inc.*, No. CV 19-10878-CJC(PJWx), 2020 WL 1164951, at *4 (C.D. Cal. Mar. 10, 2020) (granting motion to remand, finding defendant's declaration insufficient to meet burden in establishing the amount in controversy); *cf. Gillette v. Peerless Ins. Co.*, No. CV 13–03161 DDP (RZx), 2013 WL 3983872, at *5 (C.D. Cal. July 31, 2013) (denying motion to remand in finding by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional limit at the time of removal in light of defendant's notice of removal providing calculations estimating damages above the amount in controversy minimum, notwithstanding plaintiff's post-removal declaration to cap her damages below $74,999.00).

Defendant's reliance on Plaintiff's prayer for an unspecified amount of attorney's fees to establish the amount necessary to cross the jurisdictional threshold beyond the specified contractual damages alleged of $66,026.11 for repairs and mitigation is insufficient. *Fritsch*, 899 F.3d at 795 ("[A] district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof."). First, notwithstanding Plaintiff's prayer for an award of attorney's fees, the amount of any such fees may only be recoverable and, thus, in controversy, if they are provided for either by statute or contract. *Id.* at 794. Here, Defendant cites no authority and makes no argument in support of its contention that attorney's fees could or should be included in the amount in controversy calculation. Second, Defendant provides no evidence-based analysis in either its notice of removal or opposition papers sufficient to establish that attorney fees and other categories of damages generally alleged, combined with the direct damages quantified in the complaint, meets the jurisdictional threshold. *See Moberly v. FedEx Corp.*, No. 2:18-cv-00393-KJM-AC, 2019 WL 927295, at *6 (E.D. Cal. Feb. 26, 2019) ("The court is not obliged to assist FedEx in meeting its burden and is in fact unable to do so on the record before it. With no basis for concluding the attorneys' fees at stake here will bring the amount in controversy to a figure exceeding $75,000, this action must be remanded."); *cf. Harville v. Richman Property Servs.*, *Inc.*, No. 2:24-cv-07832-ODW (SSCx), 2024 WL 4557665, at *4 (C.D. Cal. Oct. 22, 2024).

Therefore, for purposes of the Court's analysis of the amount in controversy, Defendant has satisfied its burden of demonstrating that $66,026.11 should be included based on Plaintiff's specified contractual damages for repair and mitigation costs as alleged in the FAC. But Defendant fails to establish by a preponderance of the evidence either that any other amounts could or should be included or what any such amounts are. And because the removal statute is strictly construed with all doubts resolved in favor of remand, the Court finds that Defendant fails to meet its burden, by a preponderance of the evidence, showing that the amount in controversy here meets the jurisdictional threshold to establish diversity jurisdiction at the time of removal. *See Corral*, 878 F.3d at 775 ("Here, … it is not evidence from the face of the complaint that $75,000 is at issue, and SPS, as the party with the burden to demonstrate jurisdiction, did not present any evidence to the

district court …. Accordingly, SPS did not satisfy its burden of establishing subject matter jurisdiction.").

Therefore, the Court will grant Plaintiff's motion to remand this case to the Kern County Superior Court. *Gaus*, 980 F.2d at 566.

**V.      Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion to remand (Doc. 9) is GRANTED;

2.      This case is REMANDED to the Kern County Superior Court; and

3.      The Clerk of Court is directed to take the appropriate action to remand this case to Kern County Superior Court and to close this case.

IT IS SO ORDERED.

Dated:    **June 22, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

10